IN THE UNITED STATES FEDERAL DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION


REBECCA S. JORDAN AND
WILLIAM J. JORDAN, JR.                                                              PLAINTIFFS


VS.                                                        CIVIL ACTION NO.:  2:05CV215MA


ANNIE M. IVY, TRANSCONTINENTAL CASUALTY
COMPANY,  SAFECO INSURANCE COMPANY
OF AMERICA                                                                                    DEFENDANTS


**ORDER**

Plaintiffs have filed a motion for partial summary judgment, seeking a ruling from this court that they are entitled to uninsured motorist benefits arising out of the automobile accident at issue in this case.  On December 13, 2002, plaintiffs suffered injuries in Tunica County when the casino-owned limousine in which they were riding was struck by another automobile driven by Annie Ivy.  In  their response to the motion, defendants concede that plaintiffs are able to establish all but one of the elements of a claim for uninsured motorist benefits.  That is, defendants concede that plaintiffs are UM insureds under the Transcontinental policy covering the limousine as well as under the plaintiffs' own Safeco policy, and they further concede that  the automobile accident resulted from Ivy's negligence.  Defendants maintain, however,  that plaintiffs are unable to demonstrate that Ivy was an uninsured motorist within the meaning of Mississippi's uninsured motorist statute. *See* Miss. Code Ann. § 83-11-101.

In support of their claims, plaintiffs have produced documentary evidence which, in the

court's view, does appear to indicate that Ivy lacked liability coverage at the time of the accident. The court would initially note that the accident report in this case indicates that Ivy was insured under an American International liability policy. However, plaintiffs have produced a notice of cancellation which indicates that Ivy's liability coverage under an American International policy terminated on November 22, 2002, i.e. prior to the accident in this case. Defendants take issue with the reliability and/or authenticity of this evidence, and they have even filed a motion to strike it.

It seems clear from the record that Ivy has not cooperated with the instant lawsuit, and she has even had a default judgment entered against her. It further appears that this lack of cooperation on Ivy's part has hindered the ability of plaintiffs to produce even more conclusive evidence on the issue of Ivy's status as an un(der)insured motorist, such as through her deposition testimony. However, given that Mississippi UM law has been interpreted by the Mississippi Supreme Court broadly in favor of recovery, it seems highly likely to this court that plaintiffs will eventually prevail on the issue of whether Ivy was an uninsured motorist. The documentation submitted by plaintiffs appears sufficiently persuasive to, at the very least, shift the burden of persuasion to defendants to demonstrate that the documentation is not authentic or that Ivy had some other liability coverage available to her. Regardless, given that a trial will be required in this action regardless, the court concludes that it should defer ruling on this issue until trial so that defendants may produce any evidence they might have indicating that Ivy actually had liability coverage.[1]

---

[1] The court would also note that Mississippi law permits recovery of UM benefits (minus a liability offset for liability amounts actually recovered by plaintiffs *cf. Fidelity & Guar. Underwriters, Inc. v. Earnest*, 699 So.2d 585 (Miss. 1997)) in cases of *under*insured motorists. It seems doubtful that Ivy had liability coverage which equaled or exceeded the stacked total of UM benefits available to plaintiffs under the Safeco and Transcontinental UM policies, and it accordingly appears likely that Ivy was at the very least an underinsured motorist. Assuming that is the case, there would presumably be no liability offset in this case, given that no liability

2

Barring such evidence, it would appear that plaintiffs have done everything within their power to prove that Ivy was, in fact, an uninsured motorist, and the evidence does appear to suggest that Ivy lacked UM coverage at the time of the accident. Regardless, the court sees little to be gained by prejudging this issue, and it will give defendants the opportunity to present their own evidence on this issue at trial and/or to cast doubt upon the authenticity of the documents submitted by plaintiffs in this context. Given the importance of this issue at trial, plaintiffs would be well advised to take particular care to properly authenticate their documentary evidence relating to this issue.

In light of the foregoing, it is ordered that plaintiffs' motion [65-1] for partial summary judgment is denied, and defendants' motion to strike [73-1] is likewise denied. On an unrelated issue, the court concludes that plaintiffs' objection [80-1] to the Magistrate Judge's September 7, 2006 order granting a separate motion to strike filed by defendants is well taken and should be sustained, for the reasons stated in plaintiffs' brief in support of same.[2] The motion to strike filed by defendants on docket entry number 64-1 will therefore be denied. In light of this ruling, defendants will be entitled to a trial continuance, if they so desire, so that any arguable prejudice in this regard may be removed.

SO ORDERED, this the 17th day of November, 2006.

                                           **/s/ Michael P. Mills**
                                           **UNITED STATES DISTRICT JUDGE**

---

amounts have actually been recovered by plaintiffs in this case.

[2]The court agrees with the plaintiffs that the factors set forth by the Fifth Circuit in *Campbell v. Keystone Aerial Surveys*, 138 F.3d 996, 1000 (5th Cir. 1998) militate against granting the motion to strike filed by defendants.