# IN THE UNITED STATES FEDERAL DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

REBECCA S. JORDAN AND
WILLIAM J. JORDAN, JR.                                                    PLAINTIFFS

VS.                                                    CIVIL ACTION NO.: 2:05CV215MA

ANNIE M. IVY, TRANSCONTINENTAL CASUALTY
COMPANY, SAFECO INSURANCE COMPANY
OF AMERICA                                                                DEFENDANTS

## ORDER

This cause comes before the court on motions in limine filed by each party. The court has reviewed the memorandae and submissions of the parties and concludes that the motions should be granted in part and denied in part, as explained below.

Prior to ruling on the matters properly raised on motion in limine, the court first makes note that the parties have made overbroad use of the motion in limine procedural device. In their first motion, plaintiffs set forth a laundry list of nineteen one-sentence motions in limine, most of which merely recite an extrinsic rule of evidence or discovery or seek for this court to preclude a certain witness from testifying contrary to some other witness or discovery disclosure. Defendant Transcontinental Insurance Company has to some extent responded in kind, although its motions are not as tiresome as those of plaintiffs. The court emphasizes that motions in limine are not to be employed to anticipate every evidentiary issue which might arise at trial or to encourage the court to re-state rules which are already clearly stated in the rules of evidence. Rather, such motions are

1

to be used to raise matters which require particular attention by the court prior to trial, due to the complexity of the legal issues involved or the possibility that the mention of the evidence at trial would prejudice the jury. With the foregoing in mind, the court will address the matters which, in its view, were properly raised and briefed on motion in limine, as follows:

- Any evidence of plaintiffs' gambling immediately after the accident is admissible to show their physical abilities following the accident. However, any general testimony regarding the extent to which plaintiffs gamble is irrelevant and may not be elicited at trial.

- Plaintiff Rebecca Jordan's motion seeking to prohibit introduction of her conviction of assault against her husband is granted. While defendant argues that such evidence is relevant to show the "stressors" which plaintiff had in her life which might have contributed to her emotional distress, it seems clear to this court that any evidentiary value which such evidence might have is far outweighed by its prejudicial effect. Defendant will, however, be granted some <u>limited</u> latitude to cross-examine plaintiffs regarding the "stressors" in their lives, including their poor financial condition, bankruptcy and marital difficulties. Defendant is cautioned, however, that this court will not permit it to attempt to "smear" the plaintiffs in the eyes of the jury, since the relevance of any "stressors" relates to the defendants' mental state, rather than to the quality of their character. Defendant may make very limited inquiry into the conviction and incarceration of plaintiff's son, since he is not a plaintiff in this action and any prejudicial effect of such evidence is therefore low. Defendant may not inquire about any criminal activity or accusations of same involving plaintiffs, however.

- Defendant may introduce evidence of other accidents, claims and physical injuries suffered by plaintiffs. Such evidence is relevant to determining plaintiffs' physical and emotional state, apart

2

from the accident at issue in this case.

- Any evidence of social security benefits received by plaintiff or insurance payments made by former defendant Safeco would appear to be barred by the collateral source rule. Defendants argue that "exceptions" to the collateral source rule exist, but they do not explain what these exceptions are and how they might apply in this case. Barring such explanation by defendants, the motion in limine to exclude such evidence will be granted.

- With regard to the admissibility of the $ 2 million dollar UM policy limits at trial, the court notes that neither party has submitted authority in support of its position. However, the court concludes, following its own research, that it should follow the view of the Maryland Court of Appeals that such evidence should be inadmissible. As the court noted in *Farley v. Allstate Ins. Co.*:

> [T]he amount of (uninsured motorist) policy limits is in no way probative of the issue of damages, absent a controversy in the amount of coverage itself. In this case, as in *Miller*, the amount of underinsured motorist coverage is not in controversy. Nowhere in the Farleys' actions against either Gregory or Allstate do they dispute the policy limits; they only seek compensation for medical bills, lost wages, pain and suffering, and loss of consortium. Whether the underinsured motorist coverage was $25,000 or $1 million is not probative on the amount of the Farleys' alleged pain and suffering and loss of consortium, nor to their claim for medical bills and lost wages.

*Farley v. Allstate Ins. Co.*, 733 A.2d 1014, 1019 (Md. 1999). In so holding, the court re-affirmed its earlier holding in *Allstate Insurance Co. v. Miller*, 315 Md. 182, 553 A.2d 1268 (1989), that the amount of uninsured/underinsured motorist coverage should not be disclosed to the jury unless the amount itself is in controversy. This has also been held to be the law in Alabama. *Preferred Risk Mut. Ins. Co. v. Ryan*, 589 So.2d 165 (Ala. 1991.) While this is a close issue, the court finds this view persuasive, particularly considering the potential prejudicial effect of the very large limits of UM limits in this case. Defendant's motion to exclude evidence of the UM policy limits will

therefore be granted.

- The court will reserve ruling on the admissibility of plaintiffs' lost income for years in which they have not submitted tax returns. Plaintiffs represent that they are in the process of producing such information, and the court will reserve ruling until the status of such proof is clarified.

-Plaintiffs seek an order in limine excluding exhibits prepared by summaries of medical information prepared by Angie Hall, a paralegal working for defendant. The Fifth Circuit has given trial courts relatively wide discretion in admission of charts and other documentary aids which might assist the trier of fact to reach an informed verdict in a case. For example, the Fifth Circuit has held that:

> The admission of organizational charts and summary evidence is governed by Federal Rules of Evidence 611(a) and 1006. We previously have stated that allowing the use of charts as " 'pedagogical' devices intended to present the government's version of the case" is within the bounds of the trial court's discretion to control the presentation of evidence under Rule 611(a). Such demonstrative aids typically are permissible to assist the jury in evaluating the evidence, provided the jury is forewarned that the charts are not independent evidence. Additionally, such charts are not admitted into evidence and should not go to the jury room absent consent of the parties. In contrast, Rule 1006 applies to summary charts based on evidence previously admitted but which is so voluminous that in-court review by the jury would be inconvenient. Although the plain language of Rule 1006 does not apply to summaries of testimonial evidence, we have permitted such use in conspiracy cases to aid the jury "[in] put[ting] the myriad of complex and intricate pieces of testimonial and documentary evidence comprising the puzzle together...."

*U.S. v. Taylor*, 210 F.3d 311 (5th Cir. 2000).

This court has reviewed the exhibits prepared by Hall, and it harbors some doubts as to exactly how useful or necessary they might be at trial. In the court's experience, paralegals often prepare medical summaries to assist attorneys in preparing for trial, but this is a far cry from actually introducing the summaries at trial, along with the testimony of the paralegal. However, the court

4

would note that the at least one court has concluded that paralegals are not barred from testifying at trial. *Puglio v. Puglio*, 559 A.2d 1159, 1160 (Conn.App. 1989). The court will therefore not rule on this issue based on Ms. Hall's status as a paralegal, but, rather, on how helpful her exhibits might prove to the jury at trial. This court harbors doubts in this regard, and it is not clear to this court why defendant could not simply utilize the information in the exhibits in its cross-examination. Accordingly, defendant will be required at trial to show that the use of the exhibits at trial is necessary and consistent with the rules of evidence. At the same time, this court is not prepared to issue a ruling under FRE 1006 at this juncture, since this rule contemplates exhibits being used to summarize evidence already presented at trial. Clearly, there is no way for this court to know at this juncture what evidence might be presented at trial, and thus no basis for this court to make a ruling under Rule 1006 at this time. The court will therefore reserve judgment on this issue until trial, but the court would advise defendant to be prepared to address the concerns raised by this court prior to seeking admission of any such exhibits.

Plaintiffs next seek to continue the ongoing battle which they have waged with defendants over the supplemental designation of experts. The court would note that neither party in this litigation has clean hands when it comes to the timely designation of experts and their reports. This court will not permit a trial by ambush, but if it appears at trial that the parties have been given adequate opportunity to review the evidence and reports submitted by a particular expert, then its inclination will be to allow such evidence. The court will entertain any specific objections in this regard at trial, however.

In light of the foregoing, the motions in limine filed by plaintiffs [82-1, 137-1] and defendant [86-1], are granted in part and denied in part, as more specifically stated in this order. On a related

5

matter, the plaintiffs' motion [138-1] to amend the pre-trial order is granted to the extent that this court declares the previous pre-trial order to be void and directs the parties to consult with each other in preparing a new such order for submission to this court. To the extent that the parties disagree over matters in the new pretrial order, the order should simply reflect that those disagreements exist.

SO ORDERED, this the 4th day of April, 2007.


                                              **/s/ Michael P. Mills**
                                              **UNITED STATES DISTRICT JUDGE**